# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

CYNTHIA BANHAM, MIC HAEL HARVEY,
SEBASTIAN BANHAM, LOREDANA BANHAM,
JOHN ROBERT BANHAM, ROGER TALLBOYS,
PRUDENCE MARGARET TALLBOYS

       Plaintiffs

                                                    No.

   v.

P.T. GARUDA INDONESIA, a corporation,
GE COMMERCIAL AVIATION SERVICES, LLC,
a limited liability corporation, GE COMMERCIAL
AVIATION SERVICES, LTD., GECAS FRANCE,
S.A.R.L., GENERAL ELECTRIC CO., GE CAPITAL
CORP., GE CAPITAL AVIATION SERVICES,
AIRCRAFT FINANCE TRUST, a trust, AIRCRAFT
FINANCE FRANCE, S.A.R.L., AVIATION FINANCIAL
SERVICES, INC., AVIATION FINANCIAL SERVICES,
LLC, AFS INVESTMENTS XXXIII, LLC, BANKERS
TRUST CO., AFT TRUST-SUB I, CELESTIAL AVIATION
TRADING 39, LTD, THE AFT GROUP, RE SOURCE/
PHOENIX, INC., WILMINGTON TRUST CO., a trust,
DAVID H. TREITEL, RICHARD E. CAVANAGH,
WAYNE D. LIPPMAN, THE BOEING CO., CFM, INT'L,
INC., GE AVIATION, SNECMA, PT GMF AERO ASIA,
INERTIAL AEROSPACE SERVICES, INC., HONEYWELL.
INT'L, SMITHS AEROSPACE, SMITHS GROUP,
PACIFIC INSTRUMENTS, PACIFIC SOUTHWEST
INSTRUMENTS, ROCKWELL COLLINS, THOMSON-CSF
COMMUNICATIONS, L-3 COMMUNICATION CORP,
ALLIED SIGNAL CO., HAMILTON SUNDSTRAND CO.,
PANASONIC AVIONICS CORP., UNITED TECHNOLOGIES
CORP., THALES AEROSPACE, THALES GROUP, MOTOROLA,
INC., PARKER HANNIFIN CORP., JEPPESEN SANDERSON INC.,
HTL INDUSTRIES, INC., CRANE CO., SARGENT AEROSPACE,
GARRETT AIRSEARCH, BENDIX CORP., STERER FLUID
CONTROLS, AEROQUIP-VICKERS, INC., BF GOODRICH CO.,
GENERAL ELECTRIC AIRCRAFT ENGINES, L-3 COMMUNICATIONS
AVIATIONS RECORDERS, GOODRICH CORP.,

Defendants

**COMPLAINT**

Plaintiffs, through undersigned counsel, for their Complaint against defendants state as follows:

**COUNT I**

1. Plaintiff Roger Tallboys is a citizen and resident of Hong Kong. The other plaintiffs are citizens and residents of Australia.

2. Defendant The Boeing Co. is a citizen and resident of Illinois. Defendants Aircraft Finance France, S.A.R.L., GECAS France, S.A.R.L. and SNECMA are citizens of foreign countries doing business in Illinois sufficient to subject them to the jurisdiction of this Court. The other defendants are citizens and residents of the United States doing business in Illinois sufficient to subject them to the jurisdiction of this Court.

3. On March 7, 2007, defendant Garuda was operating a certain Boeing 737 aircraft ("the subject aircraft") as Flight 200 from Jakarta to Yogyakarta, Indonesia. Plaintiffs Cynthia Banham and Roger Tallboys were passengers on board the subject aircraft during said flight.

4. Defendant Garuda then and there owed a duty to the passengers on the subject aircraft, specifically including plaintiffs, to exercise care in the operation of the subject aircraft so as not to cause injury to plaintiffs.

5. Defendant Garuda negligently breached its duty owed through one or more of the following negligent acts or omissions:

      (a) negligently failed to control the aircraft on approach and during landing;

      (b) negligently operated the aircraft on approach at an excessive rate of speed and at too great an altitude;

      (c) negligently failed to acknowledge and respond to aural and other warnings during approach;

      (d) negligently attempted to land the aircraft and failed to execute a go-around.

6. As the direct and proximate result of the aforesaid negligence of defendant Garuda, the subject aircraft was caused to crash while attempting to land at the airport in Yogyakarta, Indonesia, causing very serious physical and psychological injuries to plaintiffs Cynthia Banham and Roger Tallboys.

7. These plaintiffs were caused to, and will in the future, incur very substantial medical bills and loss of wages, extreme and permanent disfigurement and disability and pain and suffering.

8. Plaintiffs Michael Harvey and Prudence Tallboys have provided substantial services to plaintiff Cynthia Banham and Roger Tallboys, respectively, in the treatment and care of these plaintiffs' injuries and have incurred a loss of income and other damages as the proximate result of the injuries sustained by these plaintiffs. Plaintiffs Michael Harvey, Sebastian Banham, Loredana Banham, John Robert Banham and Prudence Tallboys have suffered serious physical and psychological injuries, emotional shock and distress as the proximate result of the injuries sustained by plaintiffs Cynthia Banham and Roger Tallboys, respectively.

WHEREFORE, plaintiffs pray for the entry of a judgment in their favor against defendant P.T. Garuda Indonesia for an amount in excess of the jurisdictional minimum

of this Court, together with interests, costs and such other damages as may be allowed by law.

## COUNT II

1-3. As paragraphs 1-3 of Count II, plaintiffs reallege paragraphs 1-3 of Count I.

4. On a date prior to March 7, 2007, defendants Aircraft Finance Trust, Aircraft Finance France, S.A.R.L., The AFT Group, AFT Trust-Sub I, Aviation Financial Services, Inc., Aviation Financial Services, LLC., AFS Investments XXXIII, LLC, Bankers Trust Co., and GE Commercial Aviation Services, LLC, GE Commercial Aviation Services, Ltd., GECAS France, S.A.R.L., General Electric Co., General Electric Capital Corp., and General Electric Capital Aviation Services, (collectively "the GE defendants") and Celestial Aviation Trading 39, Ltd., through their administrative agent, ReSource/Phoenix, Inc., statutory trustee and owner trustee Wilmington Trust, and trustees David H. Treitel, Richard E. Cavanagh, and Wayne D. Lippman, took constructive possession in the United States of the subject aircraft and thereafter leased and entrusted said aircraft to Garuda for operation by Garuda as a commercial passenger aircraft.

5. The GE defendants entered into an agreement with the other above-named defendants pursuant to which the GE defendants agreed to act as servicer of the lease of the subject aircraft to Garuda and undertook various duties with respect to the management and administration of the lease of the subject aircraft .

6. The subject aircraft operated by Garuda was a dangerous instrumentality and had the capability to inflict significant harm upon persons and property.

8. At all times relevant hereto, defendants owed a duty to plaintiffs to use due care in leasing and entrusting the subject aircraft to Garuda so as not to cause injury to plaintiffs.

9. Defendants negligently breached their duty of care owed to plaintiffs by negligently leasing and entrusting the subject aircraft to Garuda when these defendants knew, or in the exercise of due care, should have known that Garuda did not have properly qualified and trained pilots and crew, did not have properly qualified and trained maintenance personnel and did not have a proper and adequate maintenance program.

10. On March 7, 2007, Garuda was operating the subject aircraft as Flight 200 from Jakarta to Yogyakarta, Indonesia. Plaintiffs Cynthia Banham and Roger Tallboys were passengers on board the subject aircraft during said flight.

11. As the direct and proximate result of the aforesaid negligence of these defendants in entrusting and leasing the subject aircraft to Garuda, the subject aircraft was caused to crash while attempting to land at the airport in Yogyakarta, Indonesia, causing serious injuries to plaintiffs Cynthia Banham and Roger Tallboys.

12-13. As paragraphs 12- 13 of Count II, plaintiffs reallege paragraphs 7-8 of Count I.

WHEREFORE, plaintiffs pray for the entry of a judgment in their favor against the above-named defendants for an amount in excess of the jurisdictional minimum of this Court, together with interests, costs and such other damages as may be allowed by law.

**COUNT III**

1-3. As paragraphs 1-3 of Count III, plaintiffs reallege paragraphs 1-3 of Count I.

4. Defendant The Boeing Co. designed, manufactured, assembled and sold the subject aircraft.

5. The remaining defendants designed, manufactured, assembled and sold various components on the subject aircraft, including the aircraft's engines, avionics, brakes, thrust reversers, flaps, and hydraulics.

6. At the time the subject aircraft and its components left the custody and control of these defendants, the subject aircraft and its components were defective and unreasonably dangerous in that the aircraft was unable to stop under all reasonably anticipated conditions.

7. On March 7, 2007, defendant Garuda was operating the subject aircraft as Flight 200 from Jakarta to Yogyakarta, Indonesia. Plaintiffs Cynthia Banham and Roger Tallboys were passengers on board the subject aircraft during said flight.

8. As the direct and proximate result of the aforesaid defective and unreasonably dangerous conditions in the subject aircraft and its components, the subject aircraft was caused to crash while attempting to land at the airport in Yogyakarta, Indonesia, causing serious injuries to plaintiffs Cynthia Banham and Roger Tallboys.

9-10. As paragraphs 9-10 of Count III, plaintiffs reallege paragraphs 7-8 of Count I.

WHEREFORE, plaintiffs pray for the entry of a judgment in their favor against the above-named defendants for an amount in excess of the jurisdictional minimum of this Court, together with interests, costs and such other damages as may be allowed by law.

## COUNT IV

1-3. As paragraphs 1-3 of Count IV, plaintiffs reallege paragraphs 1-3 of Count I.

4-5. As paragraphs 4-5 of Count IV, plaintiffs reallege paragraphs 4-5 of Count III.

6. At all times relevant hereto, these defendants owed plaintiffs a duty to use reasonable care in the design, manufacture, assembly and sale of the subject aircraft and its components so as not to cause injury to plaintiffs.

7. Defendants negligently breached their duty of care owed to plaintiffs by negligently designing, manufacturing, assembling and selling the subject aircraft and its components, such that the aircraft was unable to stop under all reasonably-anticipated conditions, and by negligently failing to warn of the defective and unreasonably dangerous condition of the subject aircraft and its components.

8. As the direct and proximate result of the aforesaid negligent acts and omissions of these defendants in designing, manufacturing, assembling and selling the subject aircraft and its components, the subject aircraft was caused to crash while attempting to land at the airport in Yogyakarta, Indonesia, causing serious injuries to plaintiffs Cynthia Banham and Roger Tallboys.

9-10. As paragraphs 9-10 of Count II, plaintiffs reallege paragraphs 7-8 of Count I.

WHEREFORE, plaintiffs pray for the entry of a judgment in their favor against the above-named defendants for an amount in excess of the jurisdictional minimum of

this Court, together with interests, costs and such other damages as may be allowed by law.

_____
Floyd A. Wisner
Attorney for Plaintiffs

Floyd A. Wisner
Wisner Law Firm
3N 780 Trotter Lane
St Charles, IL 60175
1-630-513-9434
(11151)